UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-40030-GAO

JOHN A. PARISI,
Plaintiff,

v.

HARLEY G. LAPPIN, CAROLYN A. SABOL, and JEFF GRONDOLSKY,
Defendants.

OPINION AND ORDER
March 18, 2011

O'TOOLE, D.J.

John A. Parisi, an inmate at the Federal Medical Center Devens, has brought suit under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), challenging the constitutionality of the Bureau of Prisons' ("BOP") Program Statement 5265.13,[1] Trust Fund Limited Inmate Computer System ("TRULINCS"). The defendants have moved for summary judgment or, in the alternative, dismissal on all counts. Parisi has opposed that motion and filed a cross-motion for summary judgment on the first count. His cross-motion stands unopposed.

**I.   Background**

On February 19, 2009, the BOP implemented Program Statement 5265.13, entitled "TRULINCS." TRULINCS allows an inmate to send or receive e-mails to and from family members and other persons on an approved contact list. Access to TRULINCS is not automatic. Inmates "with a personal history of . . . possession/distribution of child pornography through the Internet or other means" or "with a personal history or special skills or knowledge of using computers/email/Internet or other communication methods as a conduit for committing illegal

---

[1] The amended complaint also mentions Program Statement 5265.12, a prior version of Program Statement 5265.13, which has been rescinded.

activities" can be denied access to this system. (Defs.' Mem. in Supp. of Mot. for Summ. J., or in the Alternative to Dismiss Ex. 2, at 3 (dkt. no. 15-2).)

Parisi pled guilty to four counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a), (d), after operating pornographic websites featuring minors and digitally altered images. Because of the nature of his offense, Parisi was initially denied access to TRULINCS. Parisi unsuccessfully challenged this denial through the BOP's administrative grievance system, arguing that Program Statement 5265.13 violated his First Amendment right to communicate with his family and friends. Parisi then filed the present action seeking declaratory, injunctive, and monetary relief. Since the filing of his complaint, Parisi has been allowed access to TRULINCS.

## II. Discussion

### A. Injunctive and Declaratory Relief

Parisi now has access to TRULINCS. There is no reasonable expectation that the alleged violation will recur. Parisi's claims for declaratory and injunctive relief are now moot. See Purvis v. Ponte, 929 F.2d 822, 824-25 (1st Cir. 1991); Knight v. Mills, 836 F.2d 659, 670-71 (1st Cir. 1987); see also Preiser v. Newkirk, 422 U.S. 395, 403 (1975). His claims for monetary relief, however, still must be addressed.

### B. Administrative Procedures Act Claim (Count I)

In Count I, Parisi alleges that the Director of the BOP Harley G. Lappin violated the notice and comment requirements of the Administrative Procedures Act ("APA"), 5 U.S.C. § 553(b), (c), in the process of establishing Program Statement 5265.13. Lappin seeks to dismiss this claim for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Parisi seeks summary judgment on the merits of this claim.

The PLRA's exhaustion requirement is designed to "afford[] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter v. Nussle, 534 U.S. 516, 524-25 (2002). Relying on Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002), Parisi asserts that a grievance "need not lay out the facts, articulate legal theories, or demand particular relief" to meet this requirement. "All the grievance need do is object intelligibly to some asserted shortcoming." Id.; see also Johnson v. Johnson, 385 F.3d 503, 516-17 (5th Cir. 2004); Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004) (adopting similar standards). Parisi concedes that his grievance did not mention the APA, but argues that he adequately exhausted his administrative remedies because his grievance explained that the underlying issue was "the restriction from the electronic messaging portion of TRULINCS." (Pl.'s Response to Defs.' Mot. for Summ. J., or Alternatively to Dismiss 6.)

This argument lacks merit. Parisi's grievances did not alert the prison to the shortcoming now asserted in Count I, i.e., the improper enactment of Program Statement 5265.13. Count I will be dismissed without prejudice.

### C. First Amendment Claims (Counts II-VII)

In Counts II through VII, Parisi contends that the defendants violated his First Amendment right to communicate with family and friends by denying him access to TRULINCS. The question thus presented by all these counts is whether Program Statement 5265.13 passes constitutional muster.

When a prison policy limits inmates' constitutional rights, there are two standards by which the policy's constitutionality may be evaluated: the reasonableness standard of Turner v. Safley, 482 U.S. 78 (1987), and the strict scrutiny standard of Procunier v. Martinez, 416 U.S. 396 (1974). Parisi has presented a novel question: Whether the strict scrutiny standard of Martinez—which no longer applies to policies restricting incoming mail but may still apply to

3

policies restricting outgoing mail, see Thornburgh v. Abbott, 490 U.S. 401 (1989)—applies to policies restricting outgoing e-mail.

Parisi's claims would fail under the Turner reasonableness standard. Under that standard, a prison policy is valid if it is "reasonably related to legitimate penological interests." Thornburgh, 490 U.S. at 413 (quoting Turner, 482 U.S. at 89). In its determinations, a court will consider whether the prison's policy serves a valid governmental interest and operates in a neutral fashion without regard to the content of the inmates' expression; whether there are alternative means of exercising the constitutional right that remain open to prison inmates; the impact that accommodation will have on guards, inmates, and the allocation of prison resources generally; and the presence or absence of reasonable alternatives for the government to achieve the same ends by other means at de minimis cost and without impairment of the governmental interest at stake. Turner, 482 U.S. at 89-91; Beauchamp v. Murphy, 37 F.3d 700, 705 (1st Cir. 1994). Key to a court's determination are the specific facts of the situation. See Beauchamp, 37 F.3d at 705.

In the present case, the challenged prison policy is reasonably related to legitimate penological interests. It seeks to protect the public and reduce crime, a valid governmental interest. There is no indication that the policy discriminates based on the content of the inmates' expression; the policy operates in a neutral fashion. Parisi had available to him other means of communication, such as telephone and mail. If Parisi or others with similar computer-related offenses were granted access to TRULINCS, the BOP would have more individuals using its computer facilities. The BOP would need to divert attention from other work to supervise adequately the increased number of TRULINCS users and monitor their messages. This need for additional supervision and monitoring would be reasonable, given the new users' histories of computer-related offenses. The plaintiff has not presented any legitimate, obvious alternatives

for the government to achieve the same ends by other means at de minimis cost and without impairment of the governmental interest at stake. Although Parisi has proposed limiting his communications to family members and other approved contacts, that proposed alternative would come with a risk to public safety and cost to public coffers. Indeed, Parisi had familial relationships with two of his three child victims, and the only way to assure that Parisi does not send dangerous or illegal communications would be item-by-item censorship of his correspondence. See Turner, 482 U.S. at 93. Each factor in the Turner analysis weighs against Parisi. His First Amendment claims thus fail under the reasonableness standard.

Parisi argues that the strict scrutiny standard of Martinez should apply and not the reasonableness standard of Turner. There is some support for Parisi's position. See Thornburgh, 490 U.S. at 424 (Stevens, J., dissenting) (explaining the scope of Martinez is now limited to outgoing mail); Stow v. Grimaldi, 993 F.2d 1002, 1004 (1st Cir. 1993) (per curiam) (holding prison regulations in question satisfied even the higher standard of Martinez). Most decisions, however, support the application of Turner's reasonableness standard. See Turner, 482 U.S. at 89 ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."); see also Washington v. Harper, 494 U.S. 210, 223 (1990) ("[W]e held that the proper standard for determining the validity of a prison regulation claimed to infringe on an inmate's constitutional rights is to ask whether the regulation is reasonably related to legitimate penological interests.") (internal citations and quotations omitted); Thornburgh, 490 U.S. at 414 ("[W]e recognize that it might have been possible to apply a reasonableness standard to all incoming materials without overruling Martinez . . . . We choose not to go that route, however, for we prefer the express flexibility of the Turner reasonableness standard."); O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) ("To ensure that courts afford appropriate deference to prison officials, we have determined that

5

prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights.").

The Court need not decide here which standard is appropriate, because Parisi's claims fail in any event because of the doctrine of qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Guillemard-Ginorio v. Contreras-Gómez, 585 F.3d 508, 526 (1st Cir. 2009) (internal citations and quotations omitted). Qualified immunity applies unless the official's conduct violated a constitutional right clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, --- U.S. ---, 129 S.Ct. 808, 816 (2009).

In the present case, a constitutional right to use TRULINCS or, more generally, to send email messages outside the prison community, was not clearly-established at the time of the events at issue. Parisi has failed to provide any controlling case holding that an inmate has a First Amendment right to send e-mail messages. The defendants are thus immune from suit under the doctrine of qualified immunity. Parisi's claims against them fail. Counts II through VII will be dismissed.

### III. Conclusion

For the foregoing reasons, Parisi's Motion for Summary Judgment (dkt. no. 19) is DENIED, and the defendants' Motion for Summary Judgment or in the Alternative to Dismiss (dkt. no. 14) is GRANTED.

It is SO ORDERED.

                                          /s/ George A. O'Toole, Jr.
                                          United States District Judge